IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MARVIN TERRELL McCLENDON  #35027                                      PETITIONER

versus                                                          CIVIL ACTION NO. 2:05cv2197-KS-MTP

DOLAN WALLER and JIM HOOD                                             RESPONDENTS

REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Petition of Marvin Terrell McClendon for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [1] and Respondents' Motion to Dismiss Pursuant to § 2244(d) [10]. Having considered the motion, the documents made a part of the record of this case and the applicable law, the undersigned recommends that Respondents' Motion to Dismiss be granted.

PROCEDURAL HISTORY

On February 13, 1995, Petitioner Marvin Terrell McClendon was convicted of two counts of murder in the Jones County Circuit Court and sentenced to serve consecutive life terms in the custody of the Mississippi Department of Corrections. McClendon perfected a direct appeal, and on April 30, 1998, the Mississippi Supreme Court affirmed the judgment of conviction and sentence in a written opinion.[1] McClendon did not seek further discretionary review in state court by filing a petition for rehearing, nor did he file a petition for writ of certiorari to the United States Supreme Court. He did request leave from the supreme court to proceed in the trial court with post-conviction pleadings, but not until August 31, 2004. That request was dismissed by order entered October 7, 2004. On March 15, 2005, McClendon filed a "motion for leave to file an out-of-time application for leave to proceed in trial court with a petition for post-conviction relief," which was

---

[1] *McClendon v. State of Mississippi,* 712 So. 2d 725 (Miss. 1998).

denied by the supreme court on April 7, 2005. McClendon submitted his Petition for Writ of Habeas Corpus sometime between November 28, 2005, the date it was signed, and December 28, 2005, the date it was stamped "filed." The respondents contend that Dunlap's petition was not timely filed and that it should accordingly be dismissed. McClendon has not responded to the motion.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell,* 334 F.3d 433, 435, 436 (5th Cir. 2003). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999). The expiration of the time for review thus includes "the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003). Because McClendon did not seek a writ of certiorari from the United States Supreme Court following the Mississippi Supreme Court's April 30, 1998 decision, McClendon's judgment became final–and the statute of limitations for federal habeas relief began to run–on July 29, 1998 (April 30, 1998 plus ninety days), giving him until July 29, 1999 to file his petition. McClendon did not "file" his federal petition until, at the earliest, November 28, 2005,[2] more than six years after the federal statute of limitations had expired. Based on the foregoing, McClendon's federal petition for habeas corpus is barred by the one-year statute of limitations unless he is entitled to either statutory or equitable tolling.

---

[2] The mailbox rule tolls the statute of limitations when the petition is delivered to prison officials for mailing. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999).

Whether statutory tolling occurred during the period between the judgment's becoming final on July 29, 1998 and McClendon's filing of the federal petition for habeas corpus on November 28, 2005, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending. As noted above, McClendon filed documents on two separate occasions in an effort to obtain leave from the Mississippi Supreme Court to seek post-conviction relief in the trial court.  However, those documents cannot toll the one-year limitation period described in section 2244(d)(2) as they were filed long after McClendon's July 29, 1999 federal filing deadline.  The plain wording of section 2244(d)(2) specifies tolling only for a "pending" "properly filed application." *See Flanagan v. Johnson,* 154 F.3d 196, 199 & n.1 (5th Cir. 1998).[3]

Generally equitable tolling is appropriate "only in rare and exceptional circumstances." *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003).   It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999). Even excusable neglect will not suffice. *Id.* at 514. As an additional matter, entitlement to equitable tolling is dependent, in part, upon the petitioner's exercise of diligence in pursuing his federal claims. *See Egerton,* 334 F.3d at 437.  McClendon's failure to exercise the requisite diligence is highlighted by his waiting to file his federal habeas petition until more than seven  months after the last state-court

---

[3] *See generally Villegas v. Johnson,* 184 F.3d 467, 470 (5th Cir. 1999)("Based on principles of statutory construction and concerns regarding comity and exhaustion, we hold that a 'properly filed application' for § 2244(d)(2) purposes is one that conforms with a state's applicable procedural filing requirements."). From the supreme court's orders in this case, it is clear that McClendon did not comply with the applicable requirements. *See* Exhibits D and F to motion [10].  Even if he had and even if both his applications were deemed properly filed, the thirty-seven and twenty-three days that they were pending do not sufficiently extend the filing deadline to render McClendon's petition timely.

3

ruling on his case. *See Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001) (finding that four-month delay in filing petition after state-court's ruling was not sufficiently diligent to warrant equitable tolling). Accordingly, neither statutory nor equitable tolling applies to extend McClendon's deadline for filing his federal habeas petition.

## CONCLUSION

McClendon's state court conviction became final on July 29, 1998. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A) and the tolling provision of section 2244(d)(2), he had until July 29, 1999, at the latest, to file a federal petition for a writ of habeas corpus. As he did not file his petition until November 28, 2005, he cannot avoid the statutory bar.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that the respondents' Motion to Dismiss [10] be GRANTED and that McClendon's Petition for Writ of Habeas Corpus be dismissed.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court

to which the party has not objected. *Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS, the 23rd day of October, 2006.

                                    s/ Michael T. Parker
                                    United States Magistrate Judge