IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MARVIN TERRELL McCLENDON, #35027

VS.                                      CIVIL ACTION NO. 2:05cv2197-KS-MTP

DOLAN WALLER AND JIM HOOD

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition of Marvin Terrell McClendon pursuant to 28 U.S.C. § 2254 [1], Respondents' Motion to Dismiss pursuant to 2244(d) [10], Petitioner's Motion to Amend/Correct [16], Petitioner's Motion to Show Cause [19] and Petitioner's Motion to Amend/Correct [20], and the Court considering same and also considering the Report and Recommendation filed October 23, 2006, by United States Magistrate Judge Michael T. Parker, does hereby find as follows.

I.  PROCEDURAL HISTORY

On February 13, 1995, Petitioner, Marvin Terrell McClendon, was convicted of two counts of murder in Jones County Circuit Court and sentenced to serve consecutive life terms in the custody of the Mississippi Department of Corrections.  McClendon's convictions were affirmed by the Mississippi Supreme Court on April 30, 1998, and McClendon did not seek further discretionary review in the state court, nor did he file a Petition for *Writ of Certiorari* to the United States Supreme Court. McClendon did request from the Supreme Court of Mississippi, to proceed in the trial court with post conviction pleadings, but not until August 31, 2004.  The request was dismissed by Order entered October 7, 2004.  On March 15, 2005,

McClendon again filed a Motion for Leave to File Post Conviction Proceedings in the trial court, which was denied by the Supreme Court April 7, 2005. McClendon filed his Petition for *Writ of Habeas Corpus* sometime between November 28, 2005, and December 28, 2005. The Respondents contend that McClendon's petition was not timely filed and that it should, accordingly, be dismissed. McClendon has not responded to the motion.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  See also, *Longmire v. Gust*, 921 F. 2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such a review means that this Court will examine the entire record, and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge, *Keotting v. Thompson*, 995 F. 2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F. 2d 419, 421 (5th Cir. 1987).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F. 3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

McClendon's objections to the Magistrate's report do not address the Magistrate's findings that the petition was not filed within the one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(b)(1)(a); *Eggerton v. Cockerell*, 334 F. 3d 433, 435, 436 (5th Cir.

2003).  His argument is that the Respondent should be required to file an answer and that he should be entitled to a hearing on the merits. The Anti-terrorism and Effective Death Penalty Act (AEDPA) clearly states that a petitioner seeking federal habeas must file his petition within one (1) year from the date on which the judgment became final... McClendon attempts to argue that there are some grounds for tolling, but these are totally inapplicable.

Motions 16, 19, and 20 filed by petitioner request a copy of the transcript of his state court proceedings to be sent to this Court.  McClendon acknowledges in this pleadings that he has a personal copy of the transcript, but that he did not want to deliver it to this Court but wanted a copy made for this Court by the Mississippi Prison officials. McClendon misses the point. The petition is barred by the one (1) year statute of limitations under the AEDPA and said motions [16,19 and 20] are moot because they have nothing to do with the reason that this petition is being dismissed.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objection.  For the reasons set forth above, this Court concludes that McClendon's objections lack merit and should be **overruled**.  The Court further concludes that the proposed Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation.

Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Marvin

Terrell McClendon's claim is **dismissed with prejudice**. All other pending motions are denied as moot.

SO ORDERED this the 20th day of December, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE